Karen Jane SHERROD, Plaintiff,

v.

The FURNITURE CENTER, Defendant.

No. 88–2820–TUB.

United States District Court,
W.D. Tennessee, W.D.

Jan. 10, 1991.

---

Richard B. Fields, Memphis, Tenn., for plaintiff.

---

3. An order entered on January 10, 1991, awarding judgment to plaintiff and against Pitt in the amount of $46,351.00.

Frederick J. Lewis, George Higgs, Memphis, Tenn., for defendant.

## ORDER ON MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

TURNER, District Judge.

The defendant has filed a Motion to Disqualify Plaintiff's Counsel or in the Alternative for a Protective Order. Defendant alleges in its motion that counsel for the plaintiff, who has filed claims of sexual harassment and retaliation, has undertaken certain ex parte contacts with Dave Shreve, formerly employed by the defendant as plaintiff's manager. Defendant also alleges that Shreve was involved in the events that are complained of in the plaintiff's suit. Defendant argues that this contact was made by plaintiff's counsel without the permission of defendant's counsel and in violation of Rule 4.2 of the ABA Code of Professional Conduct and Tennessee Supreme Court Rule 8, DR 7–104(A).

Defendant asks that plaintiff's counsel be disqualified or, in the alternative, that any statement obtained through such communications be disallowed for use in this proceeding either through discovery or at trial.

In response, plaintiff's counsel asserts that the claims in which Dave Shreve was involved (sex discrimination and state tort claims) as a manager were dismissed by this court earlier and that Dave Shreve was merely a witness to the events underlying the remaining claims. Plaintiff also notes that Dave Shreve contacted her and her attorney himself only after he was no longer employed by defendant.

This court's local rules adopt the American Bar Association's Code of Professional Responsibility as its standards of professional conduct. That code provides at DR 7–104(A)(1):

(A) During the course of his representation of a client a lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

The purpose of this ethical restraint is "to prevent situations in which a represented party may be taken advantage of by adverse counsel; the presence of the party's attorney theoretically neutralizes the contact." *Wright v. Group Health Hospital,* 103 Wash.2d 192, 691 P.2d 564, 567 (1984). At the same time the rule should not be interpreted to preclude a lawyer from carrying on ex parte informal investigations with corporate employees if the goals of the rule are not at risk.

A corporation, acting through its individual employees, has some need for the protections of DR 7–104 as do individual clients. The question, of course, is which, if not all, corporate employees will adverse counsel be restricted from having ex parte contact. There are varying decisions but the rule that best supplies the intended protection of DR 7–104 without unnecessarily precluding the less expensive informal investigations and discovery of underlying facts from corporate witnesses is one that precludes contact only with corporate employees whose position gives them the legal authority to bind the employer in a legal evidentiary sense. By adopting this interpretation of the rule, the represented corporation cannot be bound by statements made in ex parte interviews and all parties are afforded broad latitude to otherwise investigate the case.

Former corporate employees have no authority under law to bind the corporation by their current deeds and statements. Only certain current employees can speak for the corporation. Therefore, DR 7–104(A)(1) does not apply to former employees and the plaintiff's counsel's ex parte contact with defendant's former employee is not in violation of DR 7–104(A)(1).

The Motion to Disqualify Plaintiff's Counsel or in the Alterantive for a Protective Order is not well taken and is denied.

IT IS SO ORDERED.